# EXHIBIT J



**Peter E. Rosa, Staff Attorney**
965 Great Plain Road, MA1-CBO-0683
Needham , MA 02492
phone | 781-433-5763
fax | 484-338-2859
prosa@sovereignbank.com

September 10, 2009

**By UPS Overnight Mail**

Kevin O'Brien, President and CEO
Global Broadcasting of Southern New England, LLC
10 Orms Street
Providence, RI 02904

Re: Indebtedness of Global Broadcasting of Southern New England, LLC (the "Borrower") Kevin O'Brien and Global Broadcasting, LLC (collectively the "Guarantors") to Sovereign Bank (the "Bank")

Dear Sir:

Responsibility for the loan arrangements between the Bank and the Borrower has been transferred. All communications from the Borrower and/or Guarantors to the Bank are to be addressed to John P. Bowen, Vice President, until further written notice from the Bank. *As this matter has been transferred to the Debt Management and Recoveries Group, please be advised that effective immediately the Bank will no longer process Automated Clearing House ("ACH") transactions without pre-funding, specifically, upon receipt of an ACH file, the Bank will process same if and only if there are good funds in the Borrower's account and said funds will be subject to a hold order in the amount of the ACH file. Should there be insufficient funds in the Borrower's account, the request will be denied.*

Reference is made to that Secured Promissory Note in the original principal amount of $2,000,000.00, executed and delivered by the Borrower to the Bank and dated October 9, 2007 (the "Credit Note"). As you are aware, the Credit Note matured on June 30, 2009. Demand is hereby made for the immediate payment of the Credit Note, in full.

Reference is also made to that certain Secured Promissory Note in the original principal amount of $8,500,000.00, executed and delivered by the Borrower to the Bank and dated October 9, 2007 (the "Term Note"). The Borrower's failure to pay the Credit Note upon maturity constitutes an event of default under the Term Note. As a result of the Borrower's default under the Term Note, the Bank has elected to declare the entire principal amount of the Term Note to be immediately due and payable.

As of the date of this letter, the outstanding indebtedness immediately due and owing on account of the Credit Note is $910,853.13, and interest continues accrue on the principal balance thereof, at current rates, in the amount of $94.79 per day. The outstanding indebtedness immediately due and owing on account of the Term Note is $8,301,803.81, and interest continues to accrue on the principal balance thereof, at current rates, in the amount of $802.28 per day. Demand is hereby made upon each of

the Obligors for the immediate payment in full of the Credit Note and Term Note (collectively the "Notes").

Reference is made to the Revolving Credit and Term Loan Agreement between the Borrower and the Bank and dated October 9, 2007 (the "Agreement"). The Agreement provides for the imposition of default rates on balances outstanding on account thereof which with respect to balances bearing interest at "Floating Rates" (as defined in the Agreement) is a rate per annum equal to four percent (4.0%) in excess of the Bank's prime rate and with respect to balances bearing interest under the "LIBOR Fixed Rate," a rate per annum equal to four percent (4.0%) in excess of the LIBOR Fixed Rate (collectively the "Default Rates"). Accordingly, effective August 20, 2009, balances outstanding on account of the Notes shall bear interest at the Default Rates.

The balances due under the Notes may increase or decrease due to payments, the application of collateral proceeds, and the accrual of interest, late charges, costs of collection and any other fees, costs and expenses. Therefore, immediately prior to remitting payment, please contact John P. Bowen, Vice President at 617-757-5636 to obtain final payoff amounts and remittance instructions.

The Bank reserves all rights and remedies available to it under the Notes and under any and all other notes, instruments or agreements between the Bank and the Borrower, or applicable law, all of which are expressly hereby reserved. No discussions between the Bank and the Borrower concerning this demand for payment, other loan relationships between the Bank and the Borrower, or any other matter shall imply an agreement on the part of the Bank to waive any of its rights and remedies or to forbear from taking any action authorized by the Notes, any and all other loan documents or applicable law, whether or not such discussions may be continuing. The acceptance of any partial payment of any of the obligations of the Borrower to the Bank shall not be deemed a waiver or limitation of any of the Bank's rights reserved herein as to the full amount of any unpaid balance. Any delay or forbearance by the Bank in the enforcement or pursuit of any of its rights and remedies under the Note or applicable law shall not constitute a waiver thereof, nor shall it be a bar to the exercise of the Bank's rights or remedies at a later date.

Very truly yours,
Sovereign Bank

By *(signature)*
   Peter E. Rosa, Staff Attorney

Copies to:

John P. Bowen, Vice President

**By UPS Overnight Mail**

Fred L. Levy, Esq.
Brown Rudnick
The Homer Building
601 Thirteenth Street, NW
Suite 600
Washington, DC 20005
Email: flevy@brownrudnick.com